## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------x
In re:                                          )    Chapter 11
                                                )
FOAMEX INTERNATIONAL INC.                       )    Case No. 05-12685 (KG)
                                                )
                        Reorganized Debtor.     )
----------------------------------------------------------x
                                                )
THE BANK OF NEW YORK, AS INDENTURE              )    Civil Action No. 07-00212 (JJF)
TRUSTEE,                                         )
                                                )
                        Appellant,              )
                                                )
            v.                                   )
                                                )
FOAMEX INTERNATIONAL INC.                       )
                                                )
                        Appellee.               )
                                                )
----------------------------------------------------------x
```

### REPLY BRIEF OF APPELLANT
### <u>THE BANK OF NEW YORK, AS INDENTURE TRUSTEE</u>

**POTTER ANDERSON & CORROON LLP**
Laurie Selber Silverstein (No. 2396)
Gabriel R. MacConaill (No. 4734)
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

**DECHERT LLP**
Glenn E. Siegel
Ross L. Hirsch
Davin J. Hall
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel for The Bank of New York, as Indenture Trustee*

Dated:  July 20, 2007
        Wilmington, Delaware

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT .................................................................................................................. 2

I.      THE 2005 NOTES INDENTURE REQUIRES THE PAYMENT OF
        COMPOUND INTEREST ..................................................................................... 2

II.     THE REQUIREMENT TO PAY INSTALLMENTS OF INTEREST
        CONTINUED UNTIL THE NOTES WERE NO LONGER
        OUTSTANDING ................................................................................................... 4

        A.      Interest on the 2005 Notes Compounds Post-Maturity
                Under New York Law ............................................................................... 5

        B.      The Debtors' Legal Argument Is Unavailing ........................................... 7

        C.      The Proof of Claim Is Irrelevant .............................................................. 9

CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

In re Best Payphones, Inc.,
    2003 Bankr. LEXIS 180 ...................................................................................7

In re Caudle,
    13 B.R. 29 (Bankr. W.D. Tenn. 1981) ...........................................................10

Debentures Protective Comm. of Continental Investment Corp. v. Continental
    Investment Corp.,
    679 F.2d 264 (1st Cir. 1982).........................................................................10

In re Dilts,
    143 B.R. 644 (Bankr. W.D. Pa. 1992) .........................................................7, 8

In re Dow Corning Corp.,
    244 B.R. 678 (E.D. Mich. 1999)..................................................................10

Elliott Assocs., L.P. v. The Republic of Peru,
    194 F.R.D. 116 (S.D.N.Y. 2000) ...................................................................6

Empire Trust Co. v. Equitable Office Bldg. Corp.,
    167 F.2d 346 (2d Cir. 1948)...........................................................................6

Provident Bank v. BBT (In re BBT),
    11 B.R. 224 (Bankr. D. Nev. 1981) .............................................................10

In re Realty Assocs. Securities Corp.,
    163 F.2d 387 (2d Cir. 1947)........................................................................6, 8

U.S. v. Sampsell,
    153 F.2d 731 (9th Cir. 1946) .......................................................................10

Wolf v. Aero Factors Corp.,
    126 F.Supp. 872 (S.D.N.Y. 1954) .................................................................8

## STATE CASES

Astoria Fed. Sav. and Loan Ass'n v. Rambalakos,
    372 N.Y.S.2d 689 (1975)................................................................................6

Bank Leumi Trust Co. of New York v. Sanford Ross Management, Ltd.,
    101 A.D.2d 759 (N.Y. 1984) ..........................................................................6

Citibank, N.A. v. Liebowitz,
    110 A.D.2d 615 (1985) ...............................................................................................7, 8

European American Bank v. Peddlers Pond Holding Corp.,
    185 A.D.2d 805 (N.Y. 1992) .............................................................................................6

Newburger-Morris Co. v. Tacott,
    219 N.Y. 505 (1916) .........................................................................................................2

O'Brien v. Young,
    95 N.Y. 428 (1884) ...........................................................................................................6

Rosenbaum v. Rose,
    35 Misc. 2d 431 (N.Y. Sup. Ct. 1962) ..............................................................................9

Slutsky v. Blooming Grove Inn, Inc.,
    147 A.D.2d. 208 (N.Y. 1989) ............................................................................................6

Stull v. Joseph Feld, Inc.,
    309 N.Y.S.2d 985 (1970) ..................................................................................................6

## TREATISE

6 A.L.R. 1196 ......................................................................................................................8

N.Y. Jur. 2d Interest and Usury § 2, fn. 7 (collecting cases) ............................................2

## STATUTE

NY GBL § 5-527 ...............................................................................................................2, 6

## PRELIMINARY STATEMENT

The 2005 Notes Indenture[1] expressly requires the payment of compound interest, and this obligation continued after the stated maturity date and until the Debtors paid the principal amount due. The Debtors cannot identify a basis for disregarding this contractual mandate. Therefore, the Bankruptcy Court's ruling should be reversed.

The requirement for post-maturity compounding is addressed in two sections of the 2005 Notes Indenture. Section 8.1 states that the Debtors' payment obligations under section 4.1 remain until the notes are no longer "outstanding," and section 2.8 provides that, because the notes were "outstanding" until they were paid, interest continued to accrue until payment. Accordingly, because the principal amount of the notes were not paid until the Effective Date of the Plan (which was approximately 18 months *after* the maturity date), the Debtors were obligated to pay interest installments on the February 15 and August 15 Interest Payment Dates, as required by section 1 of the 2005 Notes. This interpretation of the 2005 Notes Indenture is supported by New York law, which provides that the interest provisions of a debt instrument continue to apply after its stated maturity date if the instrument provides that such terms shall continue until the debt is paid.

The Debtors' argument to the contrary, as set forth in their Answering Brief,[2] is not supported by either the terms of the 2005 Notes Indenture or applicable state law. The Debtors assail BNY's position without articulating a coherent alternative reading of

---

[1]    Capitalized terms not otherwise defined herein have the meanings ascribed to them in Opening Brief of Appellant Bank of New York, as Indenture Trustee (the "Opening Brief").

[2]    References to "Answering Brief" or "Answering Br." are to the Answering Brief of Appellees Foamex International Inc., *et al.*, dated July 10, 2007.

the 2005 Notes Indenture.  Moreover, the Debtors' legal support either relates to inapposite circumstances or applies the law of states other than New York.

Although the Debtors seek to distract the Court with these irrelevant arguments, the pertinent New York law as to the issue upon appeal establishes that the Debtors were required to pay post-maturity installments of interest and interest on such overdue installments of interest, both at the default rate.

## **ARGUMENT**

### I.    **The 2005 Notes Indenture Requires the Payment of Compound Interest**

Much of the case law relied on by the Debtors, see Answering Brief at 12-14, stands for the basic proposition that there must be an express agreement in a debt instrument to charge compound interest to a debtor.  Indeed, the 2005 Notes Indenture expressly requires the Debtors to pay compound interest.[3]

The relevant provisions, as the Debtors themselves have noted in their Answering Brief, are section 4.1 of the 2005 Notes Indenture and section 1 of the 2005 Notes.  These provisions obligate the Debtors to pay "*interest (including post-petition interest in any proceeding under any Bankruptcy Law) on overdue installments of interest.*"  In New York, the terms "compound interest" and "interest on interest" are synonymous.  See 72 N.Y. Jur. 2d Interest and Usury § 2, fn. 7 (collecting cases).  Therefore, the plain terms of the documents require the payment of compound interest.

---

[3]    The cases that the Debtors cite addressing situations when a creditor seeks compound interest without a right existing in its contract have no bearing here.  In addition, the Debtors' focus on the antiquated argument that compound interest is disfavored in New York is immaterial because contractual compound interest has been legal in New York for twenty years, pursuant to NY GBL § 5-527.  For example, Newburger-Morris Co. v. Talcott, 219 N.Y. 505 (1916), a decision referred to by the Debtors, precedes § 5-527 by 70 years and is completely irrelevant.

2

The Debtors' treatment of the 2007 Notes reaffirms the clear and plain meaning of the 2005 Notes Indenture. The language in the 2007 Notes Indenture is ***identical*** to the parallel provision in the 2005 Notes Indenture.[4] The Debtors paid compound interest to the holders of the 2007 Notes, because as they admit in their Answering Brief, the 2007 Notes Indenture *required* "pre-maturity interest of compound interest at the default rate." Answering Br. at 7 n.2.[5] In other words, as the Bankruptcy Court noted, "the 2007 notes are entitled to receive compound interest by virtue of *express* contract language in their indenture," Transcript at 28 (emphasis added), and the 2005 Notes Indenture contains the same express language.[6]

Despite the unambiguous terms of the 2005 Notes Indenture and the Debtors' recognition of that clear meaning through their treatment of the 2007 Notes, the Debtors now disingenuously suggest that the compounding provision might not be express based on the Bankruptcy Court's statement that "there is clearly no express provision for the 2005 note holders to receive compound interest." Answering Br. at 13, citing Transcript at 29. The Bankruptcy Court's statement, when viewed in the context of its full

---

[4]     See 2007 Notes Indenture § 4.01, (Answering Br. App. at F039) ("The Issuers shall pay interest (including post-petition interest in any proceeding under any Bankruptcy Law) on overdue installments of interest.").

[5]     BNY is not citing the 2007 Notes Indenture to, as the Debtors put it, interpret the 2005 Notes Indenture. To the contrary, BNY refers to the Debtors' treatment of the holders of the 2007 Notes to show that the Debtors' own conduct belies any claim by them that the unambiguous and identical terms contained in both indentures are subject to interpretation.

[6]     Moreover, the Debtors' substantial focus on the argument that the contract rate does not apply after the Maturity Date, see Answering Br. at 15-18, implicitly confirms their understanding that the pre-maturity contract rate includes compound interest.

discussion, does not suggest that there is no compounding provision in the 2005 Notes.[7] Instead, it is properly understood as stating that the holders of the 2005 Notes do not have a contractual rate to such interest because their notes, unlike the 2007 notes, matured pre-petition.[8]

Essentially, the Bankruptcy Court concluded that -- despite the same express provision in each indenture -- the Debtors were required to pay compound interest to holders of the 2007 Notes, but not to the 2005 Notes, because they had already matured. Pursuant to New York law and the terms of the 2005 Notes Indenture, there is no basis for the distinction between pre-maturity and post-maturity and the Bankruptcy Court drew it in error.

## II. The Requirement to Pay Installments of Interest Continued Until the Notes Were No Longer Outstanding

As the 2005 Notes expressly require the compounding of interest on the semi-annual Interest Payment Dates, the issue before this Court is whether the indenture and the notes require such compounding to continue after maturity date when principal was not paid.

---

[7] The Bankruptcy Court's conclusion was made after examining what it understood to be the positions of BNY and the Debtors as to post-maturity interest. For example, it understood BNY's position to be that "[t]he 2005 notes were impaired . . . because the debtors are solvent . . . and [because] the case law provides that where a debt instrument provides for compound interest pre-maturity, a Court should require compound interest *post-maturity* in order to leave such note holder's rights unaltered." (Transcript at 26, Opening Br. App. at A70 (emphasis added)). On the other hand, the Bankruptcy Court understood the Debtors' position to be that "[n]either the indenture nor New York law which is applicable provide for compound *post-petition* interest." Id. (emphasis added). Then, the Bankruptcy Court concluded there was no provision for post-maturity compound interest.

[8] To the extent this Court understands the Bankruptcy Court's decision, however, to contain a conclusion that there is no express provision for interest-on-interest (compound interest) in the 2005 Notes at all, such a conclusion was in error.

**A.    Interest on the 2005 Notes Compounds Post-Maturity
Under New York Law**

Pursuant to the terms of the 2005 Notes Indenture, the obligation to pay

installments of interest (and default interest on those missed installments) on account of

the 2005 Notes continues after the stated maturity date.  Section 8.1 of the Indenture

(Termination of Issuers' Obligations) unequivocally provides that:

> The Issuers' obligations in section . . . 4.1 . . . shall survive until the Notes
> are no longer outstanding.[9]

In addition, section 2.8 of the Indenture (Outstanding Notes) makes it clear that a note

ceases to be outstanding and accrue interest only when the principal is paid under section

4.1:

> If the principal amount of any Note is considered paid under
> Section 4.1 hereof, it ceases to be outstanding and interest on it
> ceases to accrue.
>
> If the Paying Agent . . . holds, on a redemption date or maturity date,
> money sufficient to pay Notes payable on that date, then on and after that
> date such Notes shall be deemed to be no longer outstanding and shall
> cease to accrue interest.[10]

Accordingly, because interest continued to accrue until the notes were paid, and interest

accrues semi-annually (compounded on the interest payment dates), the Debtors owe

default interest on account of missed post-maturity installments of interest.

---

[9]    Section 4.1 of the 2005 Notes Indenture explicitly obligates the Debtors to pay "interest
on the Notes on the dates and in the manner provided in the Notes."  The notes then
provide that the Debtors must pay interest "semi-annually in arrears on February 15 and
August 15" and that default interest accrues on these installments of interest at the default
rate.  2005 Notes § 1.

[10]    Again, it should also be noted that the 2005 Notes provide a date certain for the
commencement of interest payments (February 15, 1998), but no certain termination date.
2005 Notes § 1.  The Debtors fail to address this and have further failed to acknowledge,
or respond to, the implications of section 2.8 and 8.1.

This interpretation of the 2005 Notes Indenture and the 2005 Notes is supported by the applicable New York state law, which governs the documents. When courts applying New York law have confronted provisions parallel to the ones in the 2005 Notes Indenture and the 2005 Notes -- i.e., those provisions in which interest does not cease to accrue until the principal is paid -- they have consistently understood those provisions as an express requirement that the interest terms continue to apply until the principal is actually paid, even if that occurs post-maturity. See, e.g., Empire Trust Co. v. Equitable Office Bldg. Corp., 167 F.2d 346 (2d Cir. 1948) (indenture's use of the phrase "until such principal shall be paid" was dispositive);[11] In re Realty Assocs. Securities Corp., 163 F.2d 387, 389-90 (2d Cir. 1947) (indenture's use of the phrase "until the reduced principal of each such Bond shall be duly paid" was dispositive); accord European American Bank v. Peddlers Pond Holding Corp., 185 A.D.2d 805, 805 (N.Y. 1992) (event of default was triggered by non-payment on maturity date); O'Brien v. Young, 95 N.Y. 428, 430 (1884); Slutsky v. Blooming Grove Inn, Inc., 147 A.D.2d. 208 (N.Y. 1989); accord Bank Leumi Trust Co. of New York v. Sanford Ross Management, Ltd., 101 A.D.2d 759 (N.Y. 1984); Astoria Fed. Sav. and Loan Ass'n v. Rambalakos, 372 N.Y.S.2d 689 (1975); Stull v. Joseph Feld, Inc., 309 N.Y.S.2d 985 (1970).

While the provisions cited in sections 8.1 and 2.8 of the 2005 Notes Indenture are essentially the same as the language at issue in Empire Trust, Realty Associates, and O'Brien, as conceded by the Debtors (Transcript at 14, Opening Br. App. at A58),

---

[11] As cited in BNY's Opening Brief, the court in Empire Trust "construed" a provision in the applicable indenture as a covenant to pay interest on overdue installments of interest, but it could not so authorize the payment of such interest prior to the enactment of NY GBL § 5-527. Courts have now authorized the payment of post-maturity compound interest since the enactment of the statute. See, e.g., Elliott Assocs., L.P. v. The Republic of Peru, 194 F.R.D. 116, 119 (S.D.N.Y. 2000).

notwithstanding that similarity, the clear import of these terms is that the obligation to pay interest on the dates and in the manner provided in the notes continued until they were no longer outstanding. Indeed, in New York, courts look to the plain provisions of the contract to determine whether the parties agreed that interest would continue to accrue in the manner set forth in the debt instrument after its stated maturity date. For example, the court in Citibank, N.A. v. Liebowitz, 110 A.D.2d 615 (1985), held that "according to the clear import of the terms of the mortgage note and mortgage, *which must be read together*, the parties agreed that the interest . . . is to apply after default, and until the principal has been paid. There is no merit to defendant's contention that only the specific words 'until the principal is fully paid' can be used to express such an agreement." (emphasis added).[12] Accordingly, the obligation to pay installments of interest (and default interest on such installments of interest) continued to run after the maturity date.

### B.    The Debtors' Legal Argument Is Unavailing

The Debtors conceded that the "until paid" language referenced in the cases relief on BNY is parallel to the terms of the 2005 Notes Indenture and the 2005 Notes. (Transcript at 14-16, Opening Br. App. at A58-A60). The Debtors argue, however, that the holders of the 2005 Notes do not have a right to post-maturity interest because the court in In re Dilts, 143 B.R. 644, 646-47 (Bankr. W.D. Pa. 1992), interpreting a contract with the "magic until paid language" (Answering Br. at 18), failed to grant post-maturity

---

[12] See also In re Best Payphones, Inc., 2003 Bankr. Lexis 180, at *19, Case No. 01-15472 (SMB) (Bankr. S.D.N.Y. Mar. 10, 2003) (holding that the "reasonable reading of [an] agreement" was that certain interest provisions continued to govern until the payment of principal) (citing O'Brien, 95 N.Y. at 428).

contract interest.[13] The reliance on this case is misplaced because the holding in Dilts was based on *Pennsylvania* law, and it is not the law in *New York* and is indeed in direct contradiction therewith.[14] In New York, the phrase "until paid" does *not* mean "until maturity." See supra pp. 5-7.[15] Moreover, as indicated in the Liebowitz case, the use of the phrase "until paid" is just one example of applicable language in New York. The fundamental issue is whether there are provisions in the document that indicate that the interest payment obligations continue until the debt is actually paid, and as BNY has argued since filing its opening papers with the Bankruptcy Court, sections 2.8 and 8.1 of the 2005 Notes Indenture are such provisions.

The New York cases relied on by the Debtors are inapposite because the debt instruments at issue did not contain provisions relating to post-maturity interest. For example, in Wolf v. Aero Factors Corp., 126 F.Supp. 872, 881 (S.D.N.Y. 1954), which held that a contract that contains no provision for post-maturity interest only accrues post-maturity statutory interest, there was nothing in the record to suggest that the interest terms of the contract would continue until on the notes until payment. Here, sections 2.8

---

[13]    BNY's argument before the Bankruptcy Court that "the underlying debt instrument at issue lacked a provision for post-maturity interest" (with regard to Dilts) was based on the Pennsylvania court's position on the issue and, contrary to the Debtors' argument (Answering Br. at 17-18), did not reflect a concession by BNY as to what "until paid" means under New York law.

[14]    The Pennsylvania court's holding in Dilts represents the minority view, whereas the New York cases cited by BNY are in line with the majority view, such that, if the clear import of the contract is that interest obligations continue until the debt is fully paid, then a creditor will receive such interest until the debt is no longer outstanding. See 6 A.L.R. 1196; see also Citibank, N.A. v. Liebowitz, 110 A.D.2d 615 (N.Y. 1985) (terms of applicable documents were read together).

[15]    "It is common ground that under the New York decisions interest continues [in accordance with the contract] rather than at the legal rate . . . if the contract provides for payment of interest 'until the principal shall be paid.'" Realty Assocs., 162 F.2d at 389.

and 8.1 of the 2005 Notes Indenture require that the interest terms continue until payment. Likewise, as the Debtors themselves indicate, the instrument at issue in Rosenbaum v. Rose, 35 Misc. 2d 431, 433 (N.Y. Sup. Ct. 1962), just required interest at a particular rate per month, with no other language suggesting that such interest continued until payment of the principal amount. On the other hand, the New York law applicable to comparable debt instruments -- i.e., the cases relied upon by BNY -- establishes that the 2005 Notes Indenture and the 2005 Notes provide for the compound interest articulated in the debt instrument to continue post-maturity.

## C.     The Proof of Claim Is Irrelevant

The Debtors, determinately, fail to articulate their understanding as to how the terms of the 2005 Notes Indenture can conceivably be understood to provide for no more installments of interest, while principal was still outstanding. Instead, the Debtors merely point to the "final" installment language in paragraph 2 of the proofs of claim and argue that BNY evinced an understanding of the 2005 Notes Indenture inconsistent with its current position. (Answering Br. at 15-17, 17 n.9.) This reliance on the proofs of claim is misplaced. As an initial matter, the Bankruptcy Court flatly discounted this argument. See (Transcript at 26-27, Opening Br. App. at A70-A71.)[16] Moreover, a proper understanding of the role of proofs of claims (as well as a fair reading of the proofs of claim) confirm that there is no substance to the Debtors' argument.

A proof of claim is a statement by creditor as to its allowable claim in bankruptcy. A claim for post-petition interest is generally not an allowable claim in bankruptcy, and is

---

[16]     The Debtors failed to appeal that aspect of the Bankruptcy Court's ruling.

thus not typically included in a proof of claim.  See <u>U.S. v. Sampsell</u>, 153 F.2d 731, 736

(9th Cir. 1946); <u>In re Caudle</u>, 13 B.R. 29 (Bankr. W.D. Tenn. 1981); <u>Provident Bank v.</u>

<u>BBT (In re BBT)</u>, 11 B.R. 224, 231 fn. 12 (Bankr. D. Nev. 1981).  If the Debtor is

solvent and a particular creditor is supposed to be paid in full, then the amounts claimed

for in the proof of claim are not dispositive as to the question of what is the full extent of

the creditor's contractual rights.  See <u>Debentures Protective Comm. of Continental</u>

<u>Investment Corp. v. Continental Investment Corp.</u>, 679 F.2d 264, 270 fn. 5 (1st Cir.

1982) (construing a proof of claim to seek additional post-petition interest payments on

certain notes, even though they were not specifically claimed for, where the debtor was

solvent and the indenture provided for interest on overdue installments of interest).

    Given that the Plan was to leave the holders unimpaired under section 1124 of the

Bankruptcy Code,[17] the proper inquiry for this Court is whether the payment of

compound interest afford the holders of the 2005 Notes all of their contractual rights

under the indenture.  See generally <u>In re Dow Corning Corp.</u>, 244 B.R. 678, 695 (E.D.

Mich. 1999) (holding that, in the context of cramdown under section 1129, "[w]here the

debtor is solvent, the bankruptcy rule is that where there is a contractual provision, valid

under state law, providing for interest on unpaid installments of interest, the bankruptcy

court will enforce the contractual provision with respect to both installments due before

and . . . after the petition was filed.") (citations omitted).  Accordingly, whether the

claims of the holders of the 2005 Notes are unimpaired has nothing to do with the amount

---

[17]    Section 1124(1) of the Bankruptcy Code states that a claim is impaired unless it
        "leaves unaltered the legal, equitable, and contractual rights to which such claim .
        . . entitles to holder of such claim."

asserted by BNY as its allowable claim, and everything to do with whether the Debtors have the left unaltered the rights of the holders of the 2005 Notes.[18]

To determine whether they are unimpaired, this Court must make an independent examination of the 2005 Notes Indenture and the 2005 Notes and conclude whether the Plan affords the holders all of their contractual rights thereunder. The proof of claim as filed is irrelevant. Because the terms of the 2005 Notes Indenture and the 2005 Notes, as interpreted under the applicable law, require the payment of post-maturity installments of interest (and default interest on those missed interest payments), and because the Plan was to leave the holders of the 2005 Notes unimpaired, the Bankruptcy Code mandates that the Debtors pay such interest accordingly.

---

[18] In any event, an accurate read of the proofs of claim illustrates that the Debtors' citation is out of context. Paragraph 2 is a chronological background paragraph that explained why the Debtors were in default under the indenture -- they failed to make the principal payment on the maturity date and the interest payment that was <u>supposed</u> to be the final interest payment had the Debtors fulfilled their obligations. However, paragraph 6 of BNY's proof of claim states that the Debtors were liable not only for certain liquidated amounts set forth in the claim, but "*for all other amounts which have accrued since the filing date, including without limitation post-petition interest, fees, and costs.*" This reservation particularly contemplates the existence of future installments of interest, if they could be paid. <u>See</u> <u>Continental</u>, 679 F.2d at 270 fn. 5 (liberally interpreting a proof of claim to contain (previously unclaimed for) post-petition installments of interest where the claim sought "*interest owing and unpaid in respect of the [debt].*") (emphasis added). Additionally, paragraph 15 states that the proof of claim was "*not a waiver of any of BNY's rights,*" which rights included installments of post-petition interest. Therefore, the Debtors' reliance on the word "final" is specious.

## CONCLUSION

WHEREFORE, for the reasons set forth herein and in BNY's opening brief, BNY respectfully requests that the Court enter an order (i) reversing the Order from which BNY appealed, (ii) concluding that the 2005 Notes Indenture requires the payment of post-maturity compound interest at the default interest rate provided therein, (iii) requiring that the Debtors pay such interest to the holders of the 2005 Notes, and (iv) granting such further relief as the Court may deem just and proper.

Dated:  July 20, 2007
        Wilmington, Delaware

POTTER ANDERSON &
CORROON LLP

Laurie Selber Silverstein (No. 2396)
Gabriel R. MacConaill (No. 4734)
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

-and-

DECHERT LLP
Glenn E. Siegel
Ross L. Hirsch
Davin J. Hall
30 Rockefeller Plaza
New York, New York  10112
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

Counsel for The Bank of New York,
as Indenture Trustee

## CERTIFICATE OF SERVICE

       I, Gabriel R. MacConaill, certify that I am not less than 18 years of age and that on this 20th day of July, 2007, I caused a true and correct copy of the within **Reply Brief of Appellant the Bank of New York, As Indenture Trustee** to be served upon the parties below in the matter indicated:

**APPELLEES:**

**BY HAND DELIVERY**
Pauline K. Morgan
Joseph M. Barry
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899

**BY EMAIL/AND FIRST CLASS MAIL**
Alan W. Kornberg
Brian S. Herman
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, New York  10019

       Under penalty of perjury, I declare the foregoing to be true and correct.

_____
Gabriel R. MacConaill

Pac#808160